UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| zCOLO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARKLEY BOSTON, LLC, <br><br> Defendant. | Case No.: 1:23-cv-10764 |

## COMPLAINT

zColo, LLC ("zColo"), a commercial tenant at One Summer Street, Boston (the "Property"), brings this action to confirm its valid lease with Markley Boston, LLC "(Markley"), through assignment. More specifically, Zayo Group, LLC ("Zayo") entered into a lease with Markley on or about March 21, 2014 (the "Lease"), and on September 24, 2020, Zayo Group Holdings, Inc. (the parent of Zayo) assigned the Lease to zColo (the "Assignment"). Markley refuses to recognize the Assignment and zColo's rightful position as tenant under the Lease, and has engaged in a yearslong harassing letter-writing campaign while demanding over seventy million dollars in connection with a Lease that requires standard annual rent payments starting at $63,708.00.

Most recently, Markley has refused to respond to zColo's proposal for necessary remediation work at the Property, and refuses to recognize zColo's right to extend the Lease per its terms. zColo asks the Court to interpret the lease and resolve this issue between the parties pursuant to 28 U.S.C. § 2201, and to award zColo damages for Markley's improper conduct, which constitutes a breach of the lease, a violation of the covenant of good faith and fair dealing implied in that lease, and unfair and deceptive trade practices prohibited by M.G.L. c. 93A.

## Parties

1. Plaintiff zColo is a Delaware limited liability company with a principal place of business at 400 South Akard Street, Suite 100, Dallas, Texas 75202. Its sole member is zColo Acquirer LLC, a Delaware limited liability company with a principal place of business in Dallas, Texas. The sole member of zColo Acquirer, LLC is zColo Intermediate Holdco, LLC, a Delaware limited liability company with a principal place of business in Dallas, Texas. zColo Intermediate Holdco, LLC's sole member is DataBridge Upper Parent, Inc., a Delaware corporation with a principal place of business in Dallas, Texas.

2. Defendant Markley is a Delaware limited liability company with, upon information and belief, a principal place of business in Boston, Massachusetts. Upon information and belief, no member of Markley is a citizen of Texas or Delaware.

## Jurisdiction & Venue

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and Defendant and the matter in controversy exceeds $75,000.  Among other things, Defendant is seeking over $70,000,000, and the damages that Plaintiff would incur in the event that it cannot exercise its option under the Lease exceed $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Markley has a principal place of business in Boston, and because the Property at issue is located in Boston.

## Factual Background

5. Zayo executed the Lease to rent space from Markley at One Summer Street, Boston, Massachusetts 02110.

6. The Lease commenced on October 1, 2014, had an initial ten (10) year term, with a termination date of September 30, 2024, and three (3) five (5) year renewal options.

7. The Lease is for a portion of the 7th floor and covers approximately 8,994 sq. ft., with an initial annual rent of $764,496.00, with initial monthly installments of $63,708, and rent escalations over time.

8. Pursuant to paragraph 9.5 of the Lease, Zayo had the right to assign the Lease to any entity it controlled. Further, change in ownership of the "Tenant" does not constitute an assignment:

> 9.5 Notwithstanding anything contained in this Lease to the contrary, **Tenant shall have the right, without first obtaining the consent of Landlord and without the payment of any fee or additional rent to Landlord, to assign this Lease** or sublease the Premises **to** (a) any entity resulting from a merger or consolidation of Tenant with any organization; (b) any entity purchasing substantially all of the stock or assets of Tenant; (c) any entity succeeding to the business and assets of Tenant; and (d) **any entity which controls, or is controlled by, or is under Common control with Tenant. No change of stock ownership or control of Tenant shall constitute an assignment hereunder.** (Emphasis added.)

9. Pursuant to paragraph 33, the "terms, covenants, and conditions" in the Lease are binding and inure to any assigns:

> 33. SUCCESSORS AND ASSIGNS. Subject to the provisions of Article 9, the terms, covenants and conditions contained in this Lease shall be binding upon and inure to the benefit of the heirs, successors, executors, administrators and assigns of the parties to this Lease.

10. Pursuant to paragraph 29, the defined term "Tenant," includes "permitted assigns."

> 29. DEFINED TERMS AND HEADINGS. . . . The terms "Tenant" and "Landlord" or any pronoun used in place thereof shall indicate and include the masculine or feminine, the singular or plural number, individuals, firms or corporations, and their and each of their respective successors, executors, administrators and permitted assigns . . . .

11. On Oct. 27, 2017, Zayo and Markley entered into the First Amendment to Lease.

12. On Oct. 2, 2020, Zayo informed Markley it was assigning its rights to its wholly owned subsidiary, zColo, and that zColo would likely be sold to an acquiring company ultimately owned by Databank Holdings, Ltd ("Databank").

13. Zayo sent Markley a consent to the assignment, which Markley refused to sign.

14. On December 15, 2020, Databank and Zayo announced the consummation of their transaction. As part of that transaction, DataBridge Upper Parent, Inc., Databank's parent company, became the 100% upstream owner of zColo.

15. On June 16, 2021, attorneys for Markley began hurling allegations at Zayo, accusing it of unfair and deceptive practices and scheming to compete against Markley's "colocation services." Markley asserted it had graciously ignored Zayo's "minor and accessory" colocation services as part of Zayo's telecommunication services being performed at the Property. Markley further alleged that under paragraph 9.4 of the Lease, Zayo failed to obtain Markley's permission to assign the Lease to zColo.

16. Overlaying Markley's diatribe was the allegation this was some kind of secret scheme that only Markley's investigative prowess uncovered (notwithstanding Zayo's October 2, 2020 letter laying out in detail Zayo's intentions and interpretation of the Lease).

17. Markley's first missive made no specific mention of paragraph 9.5 of the Lease, concluding that "Zayo (and to the extent that zColo remains an affiliate of Zayo, and accordingly a permitted assignee under the Lease)" were in breach of the Lease. Markley also threatened Databank with legal action.

18. On June 25, 2021, zColo responded to Markley's factually incorrect statements and erroneous legal analysis, and pointed out Markley's failure to even reference paragraph 9.5.

19. On August 4, 2021, Markley doubled down and issued a notice and demanded the judicious sum of $100,000,000:

> Re: NOTICE OF DEFAULT AND CLAIM FOR UNPAID ADDITIONAL RENT OF $100,000,000.00: Lease dated March 31, 2014 as amended October 27, 2017 (the "Lease") by and between Markley Boston LLC ("Markley") and the Zayo Group, LLC (the "Tenant")

20. Markley also regurgitated its original position, and again failed to address paragraph 9.5, perhaps saving its interpretation of that provision for a day in the future.

21. Between September 22, 2021 and April 7, 2022, attorneys continued to rocket letters back and forth, with Markley repeatedly demanding huge sums of money and ignoring paragraph 9.5.

22. Markley also continued to send invoices for millions of dollars, including millions in late fees:

**Markley Boston, LLC**
**INVOICE**

One Summer Street, 5th Floor
Boston, MA 02110
Phone 213-622-3000

DATE: September 1, 2022
INVOICE #: 2017
FOR: 03-000613

Suite #: 765
PO #:

**Bill To:**
Zayo Group LLC
1821 30th Street
Boulder, CO 80301

| DESCRIPTION | AMOUNT |
|---|---|
| Opening Balance Due | 67,004,782.03 |
| Late Fee - September 2022 | 3,350,239.10 |

23. From December 15, 2020 to present, Markley has accepted over $2,500,000 in rent paid by zColo, while continuing to demand an eight-figure payment plus additional late fee demands.

24. On February 23, 2023, Markley escalated the dispute when zColo (through Databank) began asking Markley for permission to replace an existing "Pump Skid" in the basement of the building, along with a new steel stand, which is necessary to ensure sustained electricity to zColo's systems:

> **From:** John Moyer <JMoyer@databank.com>
> **Sent:** Thursday, February 23, 2023 12:56 PM
> **To:** Brian Milano <bmilano@markleygroup.com>
> **Cc:** Alejo Duarte <ADuarte@databank.com>; Wendelin SchulerDiaz <WSchulerDiaz@databank.com>; Angel Otero <AOtero@databank.com>; Michael Andriani <MAndriani@databank.com>; Herol Zephyr <HZephyr@databank.com>; Kaestner Johnson <KJohnson@databank.com>
> **Subject:** [EXTERNAL] - BOS1 1 Summer St. Databank Pump Package replacement proposal
>
> **[USE CAUTION]**
> Hello Brian,
>
> I would like to review a project with you.
>
> Due to recent issues, We have accepted a proposal from our vendor ISP Fuel Systems to replace our existing Pump Skid in the basement. Install a new steel stand to help ensure flood water doesn't affect our pump's operation, similar to other pumps in the vicinity, and a new remote panel in our NOC on the 7th floor.
>
> We would like to reuse the existing conduits between the spaces but if needed we may request permission to install an additional path for IP communications between the basement and the suite on 7 and our Day tank enclosure.
>
> Please let me know if you have any concerns or know of any requirements that need to be addressed before we begin this project.

25. Markley initially gave the impression it would work with zColo on this issue, and then suddenly performed an about face, refusing to allow the work until Zayo reached out to Markley's legal counsel:

> **From:** Herol Zephyr <HZephyr@databank.com>
> **Sent:** Thursday, March 30, 2023 4:17 PM
> **To:** John Parker <jparker@markleygroup.com>
> **Cc:** DL-dbnk-ewr01-dcops <ewr01-dcops@databank.com>; John Moyer <JMoyer@databank.com>
> **Subject:** [EXTERNAL] - Semi Annual Fuel System PM
>
> **[USE CAUTION: Do not click links or open attachments unless you recognize the sender and know the content is safe]**
>
> Afternoon,
>
> We have ISP Fuels who will be on site between the dates of 4/3 - 4/7. They will be here to complete a regularly scheduled Fuel System PM. We will be signing in the techs with your team since the techs will be working in the B2 level (Markley Space). I wanted to know if there anything your team would need for us or ISP Fuels before this PM starts?

> **From:** Brian Milano <bmilano@markleygroup.com>
> **Sent:** Friday, March 31, 2023 06:47
> **To:** j p <jparker@markleygroup.com>; Herol Zephyr <HZephyr@databank.com>
> **Cc:** DL-dbnk-ewr01-dcops <ewr01-dcops@databank.com>; John Moyer <JMoyer@databank.com>; Jack Montanaro <jmontanaro@markleygroup.com>
> **Subject:** Re: [EXTERNAL] - Semi Annual Fuel System PM
>
> **ATTENTION: This email was sent to your DataBank account from an external source. Please use extra caution before clicking links, opening attachments, or replying to or forwarding this email**
>
> Herol,
>
> We can't let ISP Fuel move forward on any work until Zayo reaches out to our legal counsel to straighten things out with the lease agreement at this point.
>
> Devon Cutchins
> dcutchins@markleygroup.com

26. On April 4, 2023, the situation worsened when Markley informed zColo (through Databank) that Markley would not let any vendors or contractors through the Building lobby, and

7

that zColo could not perform any maintenance on any of its equipment, unless Markley determined that an "emergency existed."

27. Markley's actions violate the covenants and agreements contained in the Lease, including but not limited to § 1.1, § 7.5, § 21, § 32, and numerous provisions associated with maintenance rights under § 38.

28. On April 5, 2023, zColo provided Markley with notice that its actions violated the Lease, provided redacted transactional documents concerning the assignment, and requested that Markley immediately rescind its edict on banning maintenance of zColo's equipment.

29. Markley has not responded to zColo's April 5th letter as of the time of filing.

30. In the event this lawsuit does not encourage cooler heads at Markley to prevail and allow the work to occur, zColo reserves the right to seek emergency injunctive relief for Markley's bad faith actions in denying zColo the ability to perform necessary maintenance and repairs.

## COUNT I – DECLARATORY JUDGMENT

31. zColo repeats and realleges each preceding paragraph as if fully stated here.

32. An actual controversy exists between zColo and Markley regarding the effectiveness and permissibility of Zayo's assignment of its rights under the Lease to zColo.

33. Specifically, zColo asserts that such assignment was proper and expressly permitted by the Lease, including but not limited to paragraph 9.5, and Markley asserts that it was not.

34. zColo is entitled, pursuant to 28 U.S.C. § 2201, to a declaration that the assignment from Zayo to zColo was permitted by the Lease and effective, and that zColo qualifies as a Tenant under the Lease.

35. zColo is further entitled to a declaration that as assignee, zColo acceded to all of

Zayo's rights, covenants, and interests pursuant to the Lease and that the change in zColo's ownership did not trigger any violation of the Lease and/or constitute an assignment thereunder.

36. zColo is further entitled to a declaration that it is entitled to perform maintenance and repairs as provided for under the Lease, without hindrance from Markley.

37. zColo is further entitled to a declaration that it is not in breach of the Lease, as asserted by Markley, that it does not owe the millions, including default interest, Markley has demanded, and that it has the right to extend the Lease pursuant to its renewal options.

## COUNT II – BREACH OF CONTRACT

38. zColo repeats and realleges each preceding paragraph as if fully stated here.

39. The Lease constitutes a valid, enforceable, and binding contract, which is enforceable by zColo – the assignee of the original Tenant (Zayo) – against the Landlord, Markley.

40. zColo and Zayo have fulfilled their obligations pursuant to the Lease.

41. Markley has breached its obligations pursuant to the Lease.

42. Among other things, Markley has improperly asserted in bad faith that Zayo's assignment to zColo, which is expressly permitted by Section 9.5 of the Lease, is ineffective, and has refused to recognize zColo's rights pursuant to the Lease.

43. Markley has engaged in a years-long harassing letter-writing campaign, alleging that zColo is not a proper Tenant or assignee under the Lease, despite the Lease's contrary language.

44. Markley has barred zColo from engaging in necessary remediation work that zColo proposed pursuant to the Lease and has refused to recognize zColo's ability to extend the term of the Lease pursuant to its terms.

45. In these ways and others, Markley has breached the Lease, including but not limited to paragraphs §§ 1.1, 7.5, 19.7, 21, 32, 33, and 38 which guarantee zColo's usage rights under the Lease, Markley's timely compliance with the terms of the Lease, zColo's repair and/remediation rights under the Lease, and zColo's quiet enjoyment of the Property free from Markley's "hindrance or molestation."

46. Markley's breaches of the Lease have caused harm to zColo, including, but not limited to, risking zColo's ability to service potentially hundreds of its direct customers and end users, which would result in significant financial harm. zColo is entitled to specific performance under the Lease, nominal damages, and actual damages for any uncured defaults in the event that Markley continues to interfere with ZColo's rights under the Lease.

47. zColo reserves the right to seek appropriate injunctive relief in the event that Markley's obstreperous behavior continues during the course of the litigation.

## COUNT III – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

48. zColo repeats and realleges each preceding paragraph as if fully stated here.

49. The Lease constitutes a valid, enforceable, and binding contract, which is enforceable by zColo – the assignee of the original Tenant (Zayo) – against the Landlord, Markley.

50. The Lease includes an implied covenant of good faith and fair dealing.

51. Markley breached the implied covenant of good faith and fair dealing contained in the Lease by, among other things, refusing to acknowledge, and ignoring, explicit language in the Lease that permitted the assignment from Zayo to zColo, and asserting baseless theories for why such assignment was invalid in order to leverage zColo and extort from it tens of millions of dollars to which Markley was not entitled under the Lease.

52. Markley has further breached the implied covenant of good faith and fair dealing by refusing to allow zColo to conduct repair and remediation under the Lease, utilizing the foregoing bad faith arguments.

53. In this manner and others, Markley attempted to deny from zColo (and its predecessor, Zayo) the benefits of the Lease and attempted to use its own breach of the Lease to force zColo to pay additional amounts to Markley, and confer on it additional benefits not provided by the Lease.

54. Markley's breaches of the implied covenant of good faith and fair dealing have caused harm to zColo, including, but not limited to, risking zColo's ability to service potentially hundreds of its direct customers and end users, which would result in significant financial harm, and zColo is entitled to damages in an amount to be proven at trial.

## COUNT IV – VIOLATION OF M.G.L. c. 93A

55. zColo repeats and realleges each preceding paragraph as if fully stated here.

56. Markley's conduct constitutes "unfair and deceptive" trade practices within the meaning of M.G.L. c. 93A §§ 2 and 11, together with the rules and regulations promulgated to enforce that statute.

57. zColo is a corporate entity engaged in business in Massachusetts, as the Tenant, by assignment, pursuant to the Lease of the Property located in Boston, and is subject to the protections of M.G.L. c. 93A §§ 2 and 11.

58. Markley is a corporate entity engaged in business in Massachusetts, as the Landlord pursuant to the Lease of the Property located in Boston, and is subject to the provisions of M.G.L. c. 93A §§ 2 and 11.

59. Markley's unfair and deceptive conduct includes, but is not limited to, refusing to

acknowledge, and ignoring, explicit language in the Lease that permitted the assignment from Zayo to zColo, and asserting baseless theories for why such assignment was invalid, in order to bar zColo from undertaking necessary remediation work and leverage and extort from zColo tens of millions of dollars to which Markley was not entitled.

60. In this manner and others, Markley attempted to use its own breach of the Lease to force zColo to pay additional amounts to Markley, and confer on it additional benefits not provided by the Lease.

61. Markley's unfair and deceptive conduct and its violation of M.G.L. c. 93A, § 2 were willful and knowing.

62. Markley's wrongful conduct occurred primarily and substantially in Massachusetts where the Property is located and the Parties' dispute is centered.

63. Markley's conduct has caused harm to zColo, including, but not limited to, risking zColo's ability to service potentially hundreds of its direct customers and end users, which would result in significant financial harm.

64. Pursuant to M.G.L. c. 93A, § 11, zColo is entitled to up to three, but not less than two times its actual damages, as well as its reasonable attorneys' fees and costs incurred in connection with this case.

## REQUEST FOR RELIEF

WHEREFORE, zColo respectfully requests that the Court:

a. Enter judgment in zColo's favor on each count of this Complaint;

b. Enter the declarations sought as described in Count I above;

c. Order specific performance of Markley's obligations that it is currently breaching as described above;

d. Award zColo its actual damages in an amount to be determined at trial, as well as up to three, but not less than two, times such actual damages, pursuant to M.G.L. c. 93A, § 11;

e. Award zColo its reasonable attorneys' fees and costs incurred in connection with this case, pursuant to M.G.L. c. 93A, § 11.

f. Award such further relief the Court deems just and proper.

Respectfully submitted,

zColo, LLC

By its attorneys,

*/s/ Aaron D. Rosenberg*
Aaron D. Rosenberg (BBO# 684826)
SHEEHAN PHINNEY BASS & GREEN, PA
28 State Street
22nd Floor
Boston, MA 02109
(617) 897-5600
arosenberg@sheehan.com

J. Sean Lemoine (application for admission *pro hac vice* to be filed)
Texas Bar No. 24027443
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
sean.lemoine@wickphillips.com

Dated: April 11, 2023